# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC <br>               Petitioner/Cross-Respondent <br><br> and <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS <br>               Petitioner <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD <br>               Respondent/Cross-Petitioner <br><br> and <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS <br>               Intervenor | Case Nos. <br> 23-2081 <br> 23-2302 <br> 23-2377 |

## MOTION TO RESUBMIT AND RESUME PROCESSING CASE
## ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD

To the Honorable, the Judges of the United States
 Court of Appeals for the Ninth Circuit:

     The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, respectfully moves the Court to resubmit and resume processing this case, or, in the alternative, to sever a discrete remedial issue and resume processing the remainder of the case. In support, the Board shows as follows:

     1. On August 25, 2023, the Board issued a Decision and Order against Cemex Construction Materials Pacific, LLC ("Cemex"), reported at 372 NLRB No. 130. International Brotherhood of Teamsters ("the Union") and Cemex both

filed petitions for review challenging the Board's Order. The Board filed a cross-application for enforcement against Cemex, and the Union intervened in support of the Board. The Court granted an unopposed motion to consolidate the three cases.

2. The Board found in its Decision and Order that Cemex committed a host of serious unfair labor practices while attempting to stop its employees from unionizing. The Board issued a remedial Order requiring, inter alia, that Cemex immediately recognize and bargain on request with the Union. In addition, with respect to discriminatory actions taken against one of the employees in the several-hundred-employee bargaining unit, the Board's Order included newly standardized make-whole language requiring Cemex to make the employee whole for any direct or foreseeable harms that might ultimately be alleged and proven in a compliance proceeding. *Thryv, Inc.*, 372 NLRB No. 22, 2022 WL 17974951 (2022).

3. Between February and May 2024, the parties and amici filed with the Court oversized briefs cumulatively totaling hundreds of pages. As one of myriad challenges to the Board's Order, Cemex included approximately 1.5 pages of loosely sketched arguments challenging the Board's *Thryv* remedy and the provision of the Board's Order granting certain make-whole relief to a single employee. (Opening-Br.62-64.) In response, the Board noted, inter alia, that Cemex arguably has not even adequately briefed the issue for review. (Answering-Br.68.) The Court heard oral argument from the parties on October 21, 2024.

4. On October 28, 2024, the Court issued an order withdrawing submission of the present case pending issuance of the mandate in *IUOE, Local 39 v. NLRB*, Nos. 23-124, 23-150 & 23-188 ("*Macy's*"), which was the first case in this circuit in which an employer had raised a challenge to the Board's *Thryv* remedy. The Court has taken no public action on the present case since that date.

5. On January 21, 2025, the Court issued its opinion in *IUOE, Local 39 v. NLRB*, 127 F.4th 58 (9th Cir. 2025) ("*Macy's*"), which conclusively rejected an employer's challenge to the *Thryv* remedy and held that it is within the Board's remedial discretion. *See id.* at 79-87. On October 20, 2025, the Court denied a petition for rehearing en banc and issued an amended and superseding opinion. 155 F.4th 1023, 1034 (9th Cir. 2025). However, the Court subsequently granted a motion to stay the mandate pending a petition for a writ of certiorari.

6. Following the denial of rehearing en banc in *Macy's*, and notwithstanding the formal stay of mandate, other panels of this Court have issued opinions granting enforcement of Board orders and rejecting challenges to the *Thryv* remedy. *NLRB v. Los Robles Reg'l Med. Ctr.*, No. 23-1950, 2025 WL 3090744, at *3 (9th Cir. Nov. 5, 2025); *NLRB v. N. Mountain Foothills Apartments*, --- F.4th ---, 2025 WL 3009338, at *7 (9th Cir. Oct. 28, 2025); *NLRB v. Tracy Auto LP*, Nos. 23-1689 & 23-1711, 2025 WL 3012650, at *3 (9th Cir. Oct. 28, 2025).

7. Further delay in the resolution of the present case is unwarranted and would not be in the interests of justice. As the Board highlighted in its brief, this case involves representation issues for which delay is inimical to the public policies of the Act and to the right of employees to engage in collective bargaining in a timely manner. (*E.g.*, Answering-Br.45-46.) It has now been more than one year since oral argument was held, more than two years since the Board issued its Order, and nearly seven years since a majority of Cemex's employees lawfully chose to exercise their statutory right to be represented by a union. The unit at issue comprises hundreds of employees who are being actively harmed each day that passes without enforcement of a bargaining order and the Board's other remedies. By contrast, Cemex has succeeded in achieving further delay by challenging the mere potential of make-whole relief for a single employee.

8. In accordance with opinions issued by other panels of this Court in the wake of *Macy's*, the Court should resume processing this case regardless of when mandate issues in *Macy's*. In the alternative, the Court should at a minimum sever the *Thryv* issue for resolution at a later date and process the remainder of the case.

WHEREFORE, the Board respectfully requests that the Court resume processing this case in its entirety, or, in the alternative, sever the *Thryv* issue for resolution at a later date and resume processing the non-*Thryv* aspects of the case.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.,
 this 19th day of November, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC | ) | |
|     Petitioner/Cross-Respondent | ) Nos. | 23-2303 |
| v. | ) | 23-2377 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
|     Respondent/Cross-Petitioner | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) | |
|     Intervenor | ) | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) | |
|     Petitioner | ) No. | 23-2081 |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
|     Respondent | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its motion contains 843 words of proportionally spaced, 14-point type, and that the word-processing system used was Microsoft Word 365.

                                          Respectfully submitted,

                                          /s/ Ruth E. Burdick
                                          Ruth E. Burdick
                                          Deputy Associate General Counsel
                                          National Labor Relations Board
                                          1015 Half Street, S.E.

Dated at Washington, D.C.         Washington, D.C. 20570
 this 19th day of November, 2025    (202) 273-2960

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC | ) | |
|     Petitioner/Cross-Respondent | ) Nos. | 23-2303 |
| v. | ) | 23-2377 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
|     Respondent/Cross-Petitioner | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) | |
|     Intervenor | ) | |

-------------------------------------------------------------------------------

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) | |
|     Petitioner | ) No. | 23-2081 |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
|     Respondent | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing document with the Clerk for the U.S. Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that the document will be served via ACMS on all parties or their counsel of record.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.
this 19th day of November, 2025