

**UNITED STATES GOVERNMENT**
## NATIONAL LABOR RELATIONS BOARD

Appellate and Supreme Court Litigation Branch
Washington, D.C. 20570

April 9, 2026

**<u>VIA CM/ECF</u>**

Molly C. Dwyer
Clerk of Court, U.S. Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:  *Cemex Construction Materials Pacific, LLC v. NLRB*,
 9th Cir. Nos. 23-2081, 23-2302, 23-2377
 Oral argument held October 21, 2024

Dear Ms. Dwyer:

Pursuant to FRAP 28(j), the Board responds to Cemex's submission of *Brown-Forman Corp. v. NLRB*, --- F.4th ---, 2026 WL 632679 (6th Cir. 2026).  In the Board's view, the *Brown-Forman* majority's analysis is flawed.

First, the majority misconstrued Supreme Court precedent by suggesting the Board's authority to develop labor policy through adjudicatory proceedings is narrowly limited to case-specific rulings not aimed at having "general application," which a court later deems necessary to "resolve the parties' particular dispute."  *Id.* at *7-11, *16-18.  As Judge Mathis explained in dissent, the majority's novel framing of the Board's authority is irreconcilable with decades of judicially approved Board practice.  *Id.* at *24-31; *e.g.*, *Beneli v. NLRB*, 873 F.3d 1094 (9th Cir. 2017) (affirming Board decision to apply new policy prospectively only); ODR.3-4 & n.23; Board-Br.50-51.  And the majority accordingly failed to address the Board's reasoned justifications (ODR.3-4) for choosing to announce and refine its new framework through adjudication rather than through rulemaking.  *E.g.*, *St. John's Coll.*, 374 NLRB No. 72, 2026 WL 852594 (Mar. 25, 2026) (clarifying application of *Cemex* framework not anticipated in *Cemex* itself).

Second, the majority misread the Board's *Cemex* decision by asserting that the bargaining order here was "not derived from case-specific facts" and was "not

remedial in nature." 2026 WL 632679, at *13-15. As the Board explained in rejecting identical arguments raised by Cemex and the dissenting Board member, the facts of this case "squarely present" the question of whether an employer violates the Act by refusing to bargain with a card-majority union and then invalidating a timely representation election. D&O.30. And the decision to promulgate a new legal framework here was "grounded in the facts of this case." ODR.4. The Board explained that it was finding a distinct violation of 29 U.S.C. § 158(a)(5) predicated on an application of its new framework, and that it was remedying such violation through an overlapping but analytically distinct bargaining order. ODR.3-4 & n.19, D&O.29-31 & n.161, D&O.34-35.

As Judge Mathis further explained in dissent, the *Cemex* framework is consistent with precedent and entitled to affirmance. 2026 WL 632679, at *32-24.

Very truly yours,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570

cc: all counsel (via CM/ECF)

2

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC | ) |
|       Petitioner/Cross-Respondent | ) Nos.  23-2303 |
| v. | )      23-2377 |
| | ) |
| NATIONAL LABOR RELATIONS BOARD | ) |
|       Respondent/Cross-Petitioner | ) |
| and | ) |
| | ) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) |
|       Intervenor | ) |

-------------------------------------------------------------------------------

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) |
|       Petitioner | ) No.   23-2081 |
| v. | ) |
| | ) |
| NATIONAL LABOR RELATIONS BOARD | ) |
|       Respondent | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, I electronically filed the foregoing document with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the ACMS system.  I certify that the document will be served via ACMS on all parties or their counsel of record.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.
 this 9th day of April, 2026